Reese, J.
delivered the opinion of the court.
Fountain sued Hopson in covenant upon the following instrument, to wit:
“ $273 00. Ninety days after date I promise to pay Moses A. Fountain, in current bank money of the State of Mississippi, the sum of two hundred and seventy-three dollars and 73 cents, for services rendered in the year 1838. Witness my hand, the 24th of September, 1839. Geo. B. Hopson. [Seal.]”
*141 Upon the trial, the defendant proved that when the covenant fell due he resided in the State of Mississippi; and he offered to prove the value of Mississippi bank money, or bank notes, when the covenant by its terms fell due. But the court rejected all evidence on that subject; and charged the jury, “that the criterion of damages on the covenant was the number of dollars specified in it, with interest thereon; that the word money had a technical, legal meaning, signifying dollars and cents of constitutional currency, to wit, gold and silver.” We cannot consent to the correctness of this definition of the word money. It is a generic term, embracing, according to the subject matter of the discourse or writing, every species of coin or currency— guilders, guineas, napoleons, eagles, and bank notes as well as dollars. But if its meaning were, as the Circuit Court holds, when standing alone,per se; still, like all other words, its meaning will be modified by accompanying words or phrases. Here the accompanying and qualifying words are, “current hank money of the State of Mississippi.” Bank money means that species of money called banknotes; and of that species the parties in this case meant that sort or variety called Mississippi bank notes. They may not be the very best, but at all events they are those about which the parties contracted. The meaning and intention of the parties on the face of the" instrument it is not difficult to perceive. Whether, on the grounds of policy, it would originally have been better-, in the construction of all such instruments, to have held the word dollar to have referred, not to the numerical amount of the bank notes, but to the standard of value, it is now 'useless to enquire. The principle, in cases where it can apply, has been long and well established. Society conforms to it, in their contracts, and it must be adhered to.
The measure of damages in this case, is the value of current Mississippi bank notes when the covenant was payable. The judgment will be reversed, and a new trial be awarded.